JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

13-cv-696

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Jacaree Garrett a minor by his parent and natural guardian, Felicia Garrett 7047 Cardigan Ave, Charlotte, NC  28215 and Felicia Garrett, in her own right, 2309 Carpenter St, #306, Phila., PA

**DEFENDANTS**
Bath & Body Works, LLC
Three Limited Parkway
Columbus, OH  43240

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Franklin
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David B. Sherman, Esquire          Telephone #215-665-1100
Solomon, Sherman & Gabay
8 Penn Center, 1628 JFK Blvd., Suite 2200, Philadelphia, PA  19103

Attorneys *(If Known)*
Joseph J. Hamill, Esquire  Telephone #215-9727006
The Chartwell Law Office, BNY Mellon Center
1735 Market St, 29th Flr, Phila, PA  19103

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Action is removable pursuant to 28 U.S.C. §§1332, 1441 and 1446
Brief description of cause:
Premises Liability

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE   2/7/13
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

FEB 7 2013

JS

13   0696

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Jacaree Garrett-7047 Cardigan Ave, Charlotte, NC 28215
Felicia Garrett-2309 Carpenter St, #306, Phila, PA

Address of Defendant: 3 Limited Parkway, Columbus, OH 43230

Place of Accident, Incident or Transaction: The Gallery, Bath & Body Works, Philadelphia, PA

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☒

Does this case involve multidistrict litigation possibilities?   Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) Premises Liability

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Joseph J. Hamill, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2/7/13   _____   71550
                    Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/7/13   _____   71550
                    Attorney-at-Law            Attorney I.D.#

FEB 7 2013

CIV. 609 (5/2012)

**JS**   **IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | | |
|---|---|---|
| JACAREE GARRETT a minor by his | : | |
| Parent and natural guardian, | : | |
| FELICIA GARRETT | : | |
| And | : | CIVIL ACTION NO. |
| FELICIA GARRETT, in her own right | : | |
| v. | : | |
| BATH AND BODY WORKS, LLC | : | **13    0696** |
| c/o CT Corporation System | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under
Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| 2/7/13 | | Bath + Body Works LLC |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.972.5468 | 215.972.7008 | J.Hamill e chartwelllaw. |
| **Telephone** | **FAX Number** | **E-Mail Address**   com |

(Civ. 660) 10/02          FEB   7 2013

$350

**JS**



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JACAREE GARRETT a minor by his                    :
Parent and natural guardian,                      :
FELICIA GARRETTand                                :   Civil Action No:
FELICIA GARRETT, in her own right                 :
                                                  :
                Plaintiffs                        :
                                                  :   **13      0696**
        Vs.                                       :
                                                  :
BATH AND BODY WORKS, LLC                           :

*FILED*
FEB  1 2013
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Bath and Body Works, LLC ("BBW"), by and through its attorneys, The Chartwell Law Offices LLP, hereby files this Notice of Removal to this Court of an action pending against it in the Court of Common Pleas of Philadelphia County, November Term: 2012; No.: 00592.  Removal is based on the following grounds:

1.      Plaintiffs commenced this action in the Court of Common Please of Philadelphia County, Pennsylvania, by filing a Complaint on or about November 7, 2012. The Complaint alleges damages of less than $50,000.  *See*, Complaint attached as Exhibit "A."

2.      Plaintiffs seek damages for injuries sustained to the minor plaintiff during an incident that occurred at a BBW store located at The Gallery at Market East, 1001 Market Street, Philadelphia, PA on or about June 17, 2011.  *See*, Complaint at ¶ 5.  In addition plaintiff Felicia Garrett seeks damages in her on right as a result of seeing her son injured.  *See*, Complaint at ¶¶ 17-19.

3.      Plaintiffs are citizens of the Commonwealth of Pennsylvania and the State of North Carolina and reside at 7047 Cardigan Avenue, Charlotte, NC. and at 2309 Carpenter

4.     Defendant BBW answered the Complaint on January 2, 2013 and asserted New Matter with New Matter Cross-Claim against Plaintiff /Cross-Claim Defendant Felicia Garrett. A copy of the Answer and New Matter with New Matter Cross-Claim is attached hereto as Exhibit "B".   Cross-claim Defendant Felicia Garrett is properly to be re-aligned with Plaintiff and her joinder to the notice is not necessary, as she is not a defendant for removal purposes.

5.     Defendant BBW is a Delaware limited liability company.   Its sole member is Limited Brand Store Operations, Inc. ("LBSO").   LBSO is a Delaware corporation with its principal place of business located in Ohio and for purpose of removal jurisdiction, it is not a citizen of the Commonwealth of Pennsylvania.   As the citizenship of LBSO is imputed to BBW for purposes of diversity of citizenship, BBW is not a citizen of the Commonwealth of Pennsylvania.

6.     On January 2, 2013, BBW served its first set of Requests for Admissions on Plaintiffs. A copy of the Requests for Admissions is attached as Exhibit "C."  The thrust of the admissions was whether Plaintiffs' would admit that their damages were less than $75,000.00, exclusive of interest and costs.  On January 14, 2013, Defendant received Plaintiffs' Response to Defendant's Request for Admissions in which Plaintiffs denied that their damages were less than $75,000.00.  *See,* Plaintiffs' Response to Defendant's Request for Admissions attached hereto as Exhibit "D".

7.     Therefore, the action is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

8.     Pursuant to §1446(b) this Notice of Removal is timely as it is being filed within thirty (30) days of receipt of Plaintiffs' response to the Requests for Admission that the damages sustained are greater than $75,000.00 exclusive of interests and costs.

2

9.     Pursuant to 28 U.S.C. §1446(a) this Notice of Removal is filed in the United States District Court for the Eastern District of Pennsylvania which is the District in which the State Court action is pending.

10.     Concurrently with the filing of this Notice, BBW is giving Notice of this Removal to Plaintiff, and is filing a Praecipe of Notice of Removal with the Prothonotoary for the Court of Common Pleas of Philadelphia County, Pennsylvania.  A copy of the Praecipe Advising Court of Notice of Removal is attached hereto as Exhibit "E."


Dated:  2/8/13                              Respectfully submitted,

                                           THE CHARTWELL LAW OFFICES, LLP


                                           By:_____
                                           Joseph J. Hamill, Jr. Esq.
                                           BNY Mellon Center
                                           1735 Market Street, 29th Flr
                                           Philadelphia, PA  19103

                                           Counsel for Defendant,
                                           Bath and Body Works, LLC

3

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing Notice of Removal by Defendant, Bath and Body Works, LLC on all parties by causing true and correct copies thereof to be sent via U.S. electronic mail, addressed to the following:

David B. Sherman, Esquire
Solomon, Sherman & Gabay
8 Penn Center, 1628 JFK Blvd
Suite 2200
Philadelphia, PA 19103

FILED
FEB 7 2013
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**THE CHARTWELL LAW OFFICES, LLP**

Dated: 2/8/13

By:_____
Joseph J. Hamill, Jr., Esquire

:\PrintImageBundler\Temp\10011\Originals\20121127154613571.PDF

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | NOVEMBER 2012    000592 |
| | Filing Number 121101157 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JACAREE GARRETT | BATH AND BODY WORKS, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 7047 CARDIGAN AVENUE<br>CHARLOTTE NC 28215 | C/O C.T. CORPORATION SYSTEM 116 PINE STREET,<br>SUITE 320<br>HARRISBURG PA 17101 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| FELICIA GARRETT | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 7047 CARDIGAN AVENUE<br>CHARLOTTE NC 28215 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| FELICIA GARRETT | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2309 CARPENTER STREET #306<br>PHILADELPHIA PA 19145 | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 3 | 1 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[X] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [X] $50,000.00 or less<br>[ ] More than $50,000.00 | [X] Arbitration<br>[ ] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [X] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2O - PERSONAL INJURY - OTHER |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| FILED<br>PRO PROTHY<br>NOV 07 2012<br>S. GARRETT | YES    NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JACAREE GARRETT , FELICIA GARRETT , FELICIA GARRETT

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| DAVID B. SHERMAN | 8 PENN CENTER<br>1628 JFK BOULEVARD<br>SUITE 2200<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215) 665-1100 | (215) 665-8471 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 36437 | tdicostanza@solomonsherman.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| DAVID SHERMAN | Wednesday, November 07, 2012, 04:32 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd.  5th fl.  at 09:30 AM - 07/19/2013
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial denovo on appeal from a decision entered by a Judge.

## SOLOMON, SHERMAN & GABAY

DAVID B. SHERMAN

Identification No. 36437
8 Penn Center
1628 J.F.K. Boulevard
Suite 2200
Philadelphia, PA  19103
(215) 665-1100
(215) 665-8471 (fax)

This is an Arbitration Matter
Assessment of Damages Hearing is Required

**Attorney for Plaintiffs**

| | |
|---|---|
| JACAREE GARRETT, a minor by her<br>parent and natural guardian,<br>FELICIA GARRETT<br>7047 Cardigan Avenue<br>Charlotte, NC  28215<br>and<br>FELICIA GARRETT, in her own right<br>2309 Carpenter Street #306<br>Philadelphia, PA  19145 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs. | NOVEMBER TERM, 2012 |
| BATH AND BODY WORKS, LLC<br>c/o C.T. Corporation  System<br>116 Pine Street, Suite 320<br>Harrisburg, PA  17101 | NO: |

## COMPLAINT – CIVIL ACTION
### 2S – Premises Liability

1.     Plaintiff, Jacaree Garrett is a minor individual and at all times

pertinent hereto resided with his parent and natural guardian, Felicia Garrett at

the above-listed address.

2.     Plaintiff, Felicia Garrett is an adult individual who at all times

pertinent hereto was the parent and natural guardian of minor Plaintiff, Jacaree

Garrett residing at the above-listed address.

Case ID: 121100592

3.    Defendant, Bath & Body Works, LLC is a corporation and/or similar business entity with offices located at the above-stated address and at all times pertinent hereto owned, controlled, maintained and possessed the area identified as the area where plaintiff fell in this action.

4.    At all times pertinent hereto defendants, owned, operated, controlled, maintained and possessed the store located at The Gallery at Market East, 1001 Market Street, Philadelphia, PA 19107

5.    On or about June 17, 2011, minor plaintiff, Jacaree Garrett was a business patron of Bath and Body Works Store located at The Gallery at Market East, 1001 Market Street, City and County of Philadelphia, Commonwealth of Pennsylvania, when suddenly and without warning minor Plaintiff, Jacaree Garrett was struck in the head by a large display sign at said aforementioned property owned, operated, maintained, controlled and possessed by defendants, causing severe personal injuries to the minor plaintiff as set forth more particularly hereinafter.

### COUNT I
**Minor Plaintiff, Jacaree Garrett by and through his parent and natural guardian, Felicia Garrett v. Defendant, Bed & Bath, LLC**

6.    Plaintiff hereby incorporates by reference paragraphs 1 through 5 of this Complaint as though same were fully set forth at length herein.

7.    At all times relevant hereto, Plaintiff, was an invitee and was owed the highest duty of care by the Defendant.

Case ID: 121100592

8.     The aforesaid dangerous condition existed for a sufficient period of time so as to constitute notice to the Defendant of the existence of same.

9.     The Defendant had sufficient opportunity to eliminate, abate, resolve and/or correct the dangerous condition existing on the property so as to prevent and/or minimize the aforesaid dangerous condition.

10.     The servants, agents, workmen and/or employees of the Defendant who controlled the premises knew or should have known of the dangerous condition which caused the aforesaid accident.

11.     In addition to being defective, the area was inherently dangerous, such that the area itself created a dangerous condition.

12.     The negligence and carelessness of the Defendants by and through their agents, servants, workmen and/or employees acting in the course and scope of their employment, included, but was not limited to the following:

(a)     Allowing the area where minor Plaintiff, Jacaree Garrett was injured to remain in a dangerous condition;

(b)     Failing to clear;

(c)     Allowing the area where minor Plaintiff, Jacaree Garrett was injured to be inherently dangerous;

(d)     Failing to post barricades and warnings to secure the area while the area was a hazard which would have prevented patrons, such as minor Plaintiff, Jacaree Garrett from being injured;

(e)     Failing to inspect and maintain the area where minor Plaintiff, Jacaree Garrett was injured;

Case ID: 121100592

(f)     Failing to properly construct or otherwise maintain the area where minor Plaintiff, Jacaree Garrett was injured;

(g)     Allowing and permitting said dangerous and hazardous conditions in the area where minor Plaintiff was injured to remain for an unreasonable amount of time in said condition, thereby causing and allowing a hazardous and dangerous condition to exist which condition caused a dangerous trap and menace to those persons walking thereon, one of whom was minor Plaintiff, Jacaree Garrett;

(h)     Failing to use discretion in selection of its employees and/or agents who should have been knowledgeable and qualified in that said employees would have known that their jobs should have included properly constructing, inspecting and properly maintaining, barricading and placing warning signs, and taking all steps to make the area safe where minor Plaintiff, Jacaree Garrett was injured.

(i)     Failing to properly instruct its employees on the proper manner of constructing and maintaining said area;

(j)     Failing to properly maintain said area in a condition which would protect and safeguard persons traversing upon the said area, one of which was minor Plaintiff, Jacaree Garrett;

(k)     Failing to use good and reasonable judgment in employing, hiring, and supervising their employees and employees' conduct;

(l)     Failing to maintain a reasonable schedule for inspecting the area where  minor Plaintiff was injured;

Case ID: 121100592

(m)     Failing to provide a safe pathway;

(n)     Failing to use the ordinary care which the general public has as a right to expect of property owners;

(o)     Violating various Statutes of the Commonwealth of Pennsylvania and/or Ordinances, Industry Code standards, including but not limited to Federal Codes, State Codes, City Codes, County Codes and/or Ordinances and/or State Statutes and/or Federal Statutes with regard to keeping the area where Plaintiff was injured in a safe condition;

(p)     Other negligence and carelessness as will be ascertained throughout discovery

(q)     Being otherwise negligent at law.

13.     As a result of the aforesaid accident, minor Plaintiff, Jacaree Garrett was caused to sustain serious personal injuries to her head and surrounding body parts, including but not limited to head concussion, bleeding, lumps, severe headaches, post-traumatic anxiety, change in behavior, and other injuries both known and unknown, all of which have caused and may further cause in the future great pain and suffering and agony and a deprivation of his normal mode of living and a loss of earnings and/or earning power.

14.     As a result of the aforesaid injuries, the Plaintiff has incurred medical and other expenses in treating himself and may be obliged to incur additional expenses in the future.

Case ID: 121100592

WHEREFORE, minor Plaintiff, Jacaree Garrett by and through his parent and natural guardian, Felicia Garrett, demands judgment in his favor against the Defendant in an amount not in excess of Fifty Thousand ($50,000.00) Dollars.

### COUNT II
### Plaintiff, Felicia Garrett, in her own right vs. Defendant, Bed & Bath, LLC

15.   Plaintiff hereby incorporates by reference paragraphs 1 through 14 of this Complaint as though same were fully set forth at length herein.

16.   As a result of the aforesaid accident, Plaintiff, Felicia Garrett has been and may in the future be required to expend considerable sums of money for medical treatment in an effort to treat and cure her minor son for the injuries she sustained, any and all of which may continue to cause her great financial loss and detriment.

17.   As a result of the aforesaid incident, Plaintiff, Felicia Garrett had a medical device known as a spinal cord stimulator, and as a result of the trauma of seeing her minor son, Jacaree Garrett injured, the device was rendered ineffective and was disabled.

18.   As a result of the above circumstances, Plaintiff, Felicia Garrett was unable to physically care for her child, and as a result suffered additional injuries, pain and suffering, loss of comforts, society and companionship.

19.   The aforesaid incident was occasioned as a result of the trauma which in effect broke down the spinal cord stimulator.

Case ID: 121100592

:\PrintImageBundler\Temp\10011\Originals\20121127154613571.PDF

WHEREFORE, Plaintiff, Felicia Garrett in her own right, demands

judgment in her favor and against the Defendant in a sum not in excess of Fifty

Thousand ($50,000.00) Dollars.

By: _____
　　　DAVID B. SHERMAN, ESQUIRE
　　　Attorney for Plaintiffs

Dated: November , 2012

Case ID: 121100592

## VERIFICATION

I, FELICIA GARRETT, hereby verify that the statements made in the foregoing

Civil Action Complaint, are true and correct to the best of my information, knowledge

and belief after reasonable inquiry. I understand that statements made herein are subject

to the penalties of 18 Pa C.S.A. Section 4904, relating to unsworn falsification to

authorities.

FELICIA GARRETT, parent and
Natural guardian of Jacaree Garrett,
a minor and on her own behalf

DATED: 10/29/2012

Case ID: 121100592

r:\PrintImageBundler\Temp\10011\Originals\20121127154613571.PDF

RECEIVED

2012 NOV 20   AM 8: 31

DAUPHIN COUNTY
SHERIFF'S OFFICE
HARRISBURG, PA 17101

To: Plaintiffs:

You are hereby notified to file a written response to the enclosed New Matter within twenty (20) days from service hereof or a judgment may be entered against you. Plaintiff Felicia Garrett, you are hereby notified to file a written response to the enclosed New Matter Cross Claim within twenty (20) days from service hereof or a judgment may be entered against you.

THE CHARTWELL LAW OFFICES, LLP

By: _____
Joseph J. Hamill, Jr.

THE CHARTWELL LAW OFFICES, LLP
By: Joseph J. Hamill, Jr., Esquire          Attorney for Defendant,
BNY Mellon Center                            Bath and Body Works, LLC
1735 Market Street, 29th Floor
Philadelphia, Pa 19103
Phone: 215-972-7006

---

| | | |
|---|---|---|
| JACAREE GARRETT a minor by his parent and natural guardian, FELICIA GARRETT 7047 Cardigan Avenue Charlotte, NC 28215 and FELICIA GARRETT, in her own right 2309 Carpenter Street #306 Philadelphia, PA 19145 | : : : : : : : : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiffs | : : | NOVEMBER TERM, 2012 |
| vs. | : : : | NO.  00592 |
| BATH AND BODY WORKS, LLC c/o C.T. Corporation System 116 Pine Street, Suite 320 Harrisburg, PA 17101 | : : : : : : | |
| Defendant. | : : | |

---

## ANSWER AND NEW MATTER OF DEFENDANT BATH AND BODY WORKS, LLC WITH NEW MATTER CROSS-CLAIM PURSUANT TO RULE 1031.1 DIRECTED TO PLAINTIFF FELICIA GARRETT

Case ID: 121100592

Defendant Bath and Body Works, LLC ("BBW" or "Defendant"), by and through its attorneys, The Chartwell Law Offices, LLP, hereby Answers Plaintiffs' Complaint asserts New Matter as follows:

1.      Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore, they are deemed denied.

2.      Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, therefore, they are deemed denied.

3.      Denied as stated. Defendant admits that it is a limited liability company organized in the State of Delaware with its principal place of business located in Ohio. Defendant BBW denies that it owned, controlled, maintained or possessed a store at the stated address in the caption. Defendant admits that it operates and maintains a BBW Store located at The Gallery at Market East, 1001 Market Street, Philadelphia, PA 19107 (the "Store"). Defendant BBW denies that Plaintiff fell or that a fall is the subject of this Complaint.

4.      Denied as stated. Defendant admits that at all times pertinent it operated the Store. BBW denies that it owned, maintained, possessed or controlled the area where Plaintiff's incident occurred as alleged in the Complaint as these terms constitute legal conclusions to which no response is required.

5.      Denied as stated. It is admitted that on or about June 17, 2011, minor Plaintiff Jacaree ("Jacaree") was in the Store. The allegations contained in paragraph 5 of Plaintiffs' Complaint that Plaintiff was a business invitee of the Store and that the

2

Store was owned operated, maintained, controlled and possessed by BBW constitute legal conclusions to which no response is required and they are deemed denied. To the extent a response is required, BBW, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations as to whether Plaintiff Jacaree Garrett was a business patron at the Store or whether he sustained severe personal injuries and, therefore, these allegations are denied. Furthermore, BBW admits that it operates the Store and is responsible generally for maintaining the appearance of displays at the Store. BBW denies that it owned the area where the alleged incident occurred. On the contrary it leased the premises where the Store is operated. Furthermore, it is denied that Plaintiff Jacaree Garrett, was suddenly and unexpectedly struck in the head by a large display sign in the Store. On the contrary, Plaintiff Jacaree Garrett, Plaintiff Felicia Garrett and one other individual were in the area of the alleged incident for a period of time before a small lightweight sign was knocked off a display by someone in that party.

## COUNT I
### Minor Plaintiff, Jacaree Garrett by and through his parent and natural guardian, Felicia Garrett v. Defendant, Bath and Body Works, LLC

6.     Defendant incorporates by references its responses to the allegations contained in Paragraphs 1-5 of Plaintiffs' Complaint as if fully set forth at length herein.

7.     Denied. The allegations contained in Paragraph 7 constitute conclusions of law to which no response is required and, therefore, they are deemed denied.

8.     Denied. It is denied that Plaintiff described an "aforesaid dangerous condition" with particularity such that it could be said that it existed for a sufficient

3

Case ID: 121100592

period of time so as to constitute notice to the Defendant of the existence of same. Furthermore, the allegations contained in Paragraph 8 constitute conclusions of law to which no response is required and, therefore, they are deemed denied. To the extent a response is required, it is denied that any dangerous condition existed or that any dangerous condition existed for a sufficient period of time so as to constitute notice to BBW. On the contrary, if a dangerous condition existed as alleged by Plaintiffs any and all conditions or hazards, all of which are hereby denied, were caused by people and circumstances beyond the control of BBW.

9.      Denied. The allegations contained in Paragraph 9 constitute conclusions of law to which no response is required and, therefore, they are deemed denied. To the extent a response is required, it is denied that a dangerous condition existed or that Defendant had sufficient opportunity to correct any condition existing at the Store that would have prevented or minimized the alleged condition. On the contrary, no dangerous condition existed and Plaintiffs' alleged incident was caused by people and circumstances beyond the control of BBW.

10.      Denied. The allegations contained in Paragraph 10 constitute conclusions of law to which no response is required and, therefore, they are deemed denied. To the extent a response is required, it is denied that any servants, agents, workmen and/or employees of BBW knew or should have known of any dangerous condition in the Store. On the contrary, no employees of BBW knew or had any knowledge of any dangerous condition.

11.      Denied. The allegations contained in Paragraph 11 constitute conclusions of law to which no response is required and, therefore, they are deemed denied. To the

4

Case ID: 121100592

extent a response is required, it is denied that the area in question was inherently defective creating a dangerous condition. On the contrary, the area in question at all times was a safe area and Plaintiffs' alleged incident was caused by people and circumstances beyond the control of BBW.

12.     Denied. The allegations contained in Paragraph 12 constitute conclusions of law to which no response is required and, therefore, they are deemed denied. To the extent a response is required, it is denied that BBW or its agents, servants, workmen and/or employees (the "Store Employees") were in any way careless or negligent in carrying out their responsibilities at the Store. Furthermore: the following allegations of negligence and carelessness are denied:

    a.    It is denied that the Store Employees were negligent in allowing the area where minor Plaintiff, Jacaree Garrett, was injured to remain a dangerous condition. On the contrary, the area in question at all times was a safe area free from defect and Plaintiffs' incident was caused by people and circumstances beyond the control of BBW;

    b.    It is denied that there was any negligence or carelessness of Store Employees which resulted in "failing to clear." On the contrary, the area in question at all times was a safe area free from defect and Plaintiffs' incident was caused by people and circumstances beyond the control of BBW;

    c.    It is denied that any Store Employee was negligent or careless in allowing the area where Plaintiff Jacaree Garrett was injured to be

5

Case ID: 121100592

inherently dangerous. On the contrary, the area in question at all times was a safe area free from defect and Plaintiffs' incident was caused by people and circumstances beyond the control of BBW;

d.    It is denied that there was any negligence or carelessness of any Store Employee in failing to post barricades and warnings to secure the area while the area was a hazard which would have prevented patrons such as minor Plaintiff Jacaree Garrett from being injured. On the contrary, there was no need to post any barricades or warnings as no area of the Store was dangerous. The area in question at all times was a safe area free from defect and Plaintiffs' incident was caused by people and circumstances beyond the control of BBW;

e.    Denied. It is denied that there was any negligence or carelessness of any Store Employee which resulted in any Store Employee failing to inspect and maintain the area where Plaintiff Jacaree Garrett was injured. On the contrary, the area in question at all times was a safe area free from defect and Plaintiffs' incident was caused by people and circumstances beyond the control of BBW;

f.    It is denied that there was any negligence or carelessness of any Store Employee which resulted in failing to properly construct or otherwise maintain the area where minor Plaintiff Jacaree Garrett was injured. On the contrary, the area in question at all times was

6

Case ID: 121100592

a safe area free from defect and Plaintiffs' incident was caused by people and circumstances beyond the control of BBW;

g.  It is denied that any negligence or carelessness of any Store Employee resulted in allowing and permitting any dangerous or hazardous condition in the area where minor Plaintiff Jacaree Garrett was allegedly injured to remain for an unreasonable amount of time or thereby causing and allowing a hazardous and dangerous condition to exist which condition caused a dangerous trap and menace to those persons walking thereon. On the contrary, the area in question at all times was a safe area free from defect and Plaintiffs' incident was caused by people and circumstances beyond the control of BBW;

h.  It is denied that BBW failed to use discretion in selection of any Store Employees who would have been knowledgeable and qualified that would have resulted in any Store Employee being in a position to prevent Plaintiffs' incident.  On the contrary, no action or inaction by any Store Employee contributed to the Incident as alleged in Plaintiffs' Complaint.  The area in question at all times was a safe area free from defect and Plaintiffs' incident was caused by people and circumstances beyond the control of BBW;

i.  It is denied that BBW failed to properly instruct its Store Employees on the proper manner of constructing and maintaining

7

Case ID: 121100592

the area where Plaintiffs' alleged incident occurred. On the contrary, all Store Employees received proper training. Furthermore, the area in question at all times was a safe area free from defect and Plaintiffs' incident was caused by people and circumstances beyond the control of BBW;

j.   It is denied that BBW failed to properly maintain the area that is the subject of Plaintiffs' Complaint. On the contrary, the area in question at all times was a safe area free from defect and Plaintiffs' incident was caused by people and circumstances beyond the control of BBW;

k.   It is denied that that BBW failed to use good and reasonable judgment in employing, hiring and supervising its employees and its employees' conduct.  On the contrary, all Store Employees on duty at the time of the Incident were properly trained and supervised and no action or inaction of any Store Employee contributed to Plaintiffs' incident.  The area in question at all times was a safe area free from defect and Plaintiffs' incident was caused by people and circumstances beyond the control of BBW;

l.   It is denied that BBW failed to maintain a reasonable schedule for inspecting the area where Plaintiff was allegedly injured.  On the contrary, the area in question at all times was a safe area free from defect and Plaintiffs' incident was caused by people and circumstances beyond the control of BBW;

8

m.   It is denied that there was no safe pathway for Plaintiff Jacaree Garrett.  On the contrary, the area in question at all times was a safe area free from defect and Plaintiffs' incident was caused by people and circumstances beyond the control of BBW;

n.   It is denied that BBW failed to use ordinary care in the Store that would have resulted in any incident. On the contrary, the area in question at all times was a safe area free from defect and Plaintiffs' incident was caused by people and circumstances beyond the control of BBW;

o.   It is denied that BBW violated any ordinance, statute, or code with respect to any condition of the Store relevant to Plaintiffs' alleged incident.  On the contrary, the area in question at all times was a safe area free from defect and Plaintiffs' incident was caused by people and circumstances beyond the control of BBW;

p.   STRICKEN BY AGREEMENT OF COUNSEL

q.   STRICKEN BY AGREEMENT OF COUNSEL

13.   Denied.   The allegations contained in paragraph 13 of Plaintiffs' Complaint constitute conclusions of law to which no response is required and, therefore, they are deemed denied.

14.   Denied.   The allegations contained in paragraph 14 of Plaintiffs' Complaint constitute conclusions of law to which no response is required and, therefore, they are deemed denied.

Case ID: 121100592

**WHEREFORE**, Defendant BBW demands judgment in its favor dismissing Plaintiffs' Complaint, together with reasonable attorneys' fees, costs and such other and further relief as this Court deems just and proper.

### COUNT II
### Plaintiff, Felicia Garrett, in her own right vs. Bath and Body Works, LLC

15.     Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1-14 of Plaintiffs' Complaint as if fully set forth at length herein.

16.     Denied.    The allegations contained in paragraph 16 of Plaintiffs' Complaint constitute conclusions of law to which no response is required and, therefore, they are deemed denied.

17.     Denied.    The allegations contained in paragraph 17 of Plaintiffs' Complaint constitute conclusions of law to which no response is required and, therefore, they are deemed denied.

18.     Denied.    The allegations contained in paragraph 18 of Plaintiffs' Complaint constitute conclusions of law to which no response is required and, therefore, they are deemed denied.

19.     Denied.    The allegations contained in paragraph 19 of Plaintiffs' Complaint constitute conclusions of law to which no response is required and, therefore, they are deemed denied.

**WHEREFORE**, Defendant BBW demands judgment in its favor dismissing Plaintiffs' Complaint, together with reasonable attorneys' fees, costs and such other and further relief as this Court deems just and proper.

Case ID: 121100592

## **NEW MATTER**

1.     The incidents and damages alleged in the Plaintiffs' Complaint were the result of the sole or comparative negligence of the Plaintiffs.

2.     BBW denies that the injuries alleged in the Plaintiffs' complaint were caused or contributed to by any act or omission on the part of BBW, its agents, servants, workmen or employees acting within the course and scope of their employment.

3.     BBW violated no duty owed to the Plaintiffs which proximately caused the injuries and damages alleged to have been sustained by the Plaintiffs.

4.     Plaintiffs have failed to mitigate their damages.

5.     BBW denies notice of any alleged defective condition and denies the opportunity to remedy same.

6.     The damages, if any, sustained by the Plaintiffs were the result of an unavoidable accident or incident over which BBW had no control.

7.     Plaintiffs' injuries and damages, if any, were caused in whole or in part by the intervening and superseding acts of third parties over which BBW had no control and no duty to control.

8.     BBW at all relevant times acted with due care and complied with all requirements of applicable law.

9.     Plaintiffs' complaint fails to state a claim against BBW upon which relief can be granted.

10.    The Plaintiffs assumed the risk or risks of injury under the circumstances thereby barring them from any recovery under the applicable law.

11.    No injury producing event occurred as described in the complaint.

11

WHEREFORE, Defendant BBW demands judgment in its favor dismissing the Complaint of the Plaintiffs as well as the costs, disbursements, reasonable attorneys' fees and other expenses incurred in the defense of this litigation, and such further or different relief as this Court may deem just and proper.

## NEW MATTER CROSS-CLAIM PURSUANT TO
## RULE 1031.1 DIRECTED TO PLAINTIFF FELICIA GARRETT

1.     By way of further answer, Defendant avers the following Cross-claim:

2.     Defendant incorporates by reference its answers and defenses submitted in response to the preceding paragraphs and make them a part hereof as though they were more fully set forth at length herein.

3.     Defendant hereby incorporates all allegations in Plaintiffs' Complaint addressed to Defendant and asserts them against Plaintiff Felicia Garrett.

4.     Pursuant to the provisions of Pennsylvania Rule of Civil Procedure 1031, Defendant asserts that Plaintiff Felicia Garrett is alone liable and/or jointly and severally liable, or is liable over to Defendant on the cause of action declared in the Plaintiffs' Complaint.

5.     Plaintiff's injuries, losses, and damages, same being expressly denied, were caused by and resulted solely from the acts, omissions, conduct and negligence of Plaintiff Felicia Garrett.

6.     If there was any negligence, carelessness or recklessness as alleged by Plaintiffs, all such allegations being denied as they relate to Defendant, then such was caused by the negligence, carelessness or recklessness on the part of Plaintiff Felicia Garrett and was in no way due to any conduct, act or omission on the part of Defendant.

12

7.     Plaintiff Felicia Garrett is liable over to Defendant for contribution and/or indemnity including without limitation, the reimbursement of all costs, counsel fees and expenses incurred by Defendant in the defense of this action.  It is expressly denied that Defendant is liable to anyone in this matter.

8.     As a result of the negligence, carelessness and recklessness of Plaintiff Felicia Garrett, Defendant has suffered damages in the form of payment of defense counsel fees and costs associated with defending against Plaintiffs' Complaint.

WHEREFORE, Defendant BBW, prays that Plaintiffs' Complaint be dismissed with prejudice and judgment be entered in its favor and against Plaintiff Felicia Garrett, and that Plaintiff Felicia Garrett be found solely liable to Plaintiff Jacaree Garrett and liable over to Defendant by way of common law contribution and indemnity together with attorneys' fees and costs and such other relief as the Court may deem just and proper.

Respectfully submitted,

**THE CHARTWELL LAW OFFICES, LLP**

Dated: <u>December 31, 2012</u>

Joseph J. Hamill, Jr.
Attorney for Defendant
Bath and Body Works, LLC

13

**<u>VERIFICATION</u>**

I, Mark E. Meadows, verify that the averments of fact made in the foregoing pleading are true and correct to the best of my knowledge, understanding and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsifications to authorities. The precise language is that of counsel and I have deferred to counsel with respect to certain legal and factual allegations which are beyond my direct knowledge.

_____
Mark E. Meadows

Case ID: 121100592

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing Answer with New Matter and New Matter Cross-Claim of Defendant Bath and Body Works, LLC to Plaintiffs' Complaint on all parties by causing true and correct copies thereof to be sent via email mail to the following:

David B. Sherman, Esquire
Solomon, Sherman & Gabay
8 Penn Center
1628 JFK Boulevard
Suite 2200
Philadelphia, PA 19103
215-665-1100

THE CHARTWELL LAW OFFICES, LLP

Dated: December 31, 2012        By: _____
                                    Joseph J. Hamill, Jr. Esquire

14

Case ID: 121100592

THE CHARTWELL LAW OFFICES, LLP
By: Joseph J. Hamill, Jr., Esquire
BNY Mellon Center
1735 Market Street, 29th Floor
Philadelphia, Pa 19103
Phone: 215-972-5468

Attorney for Defendant,
Bath and Body Works, LLC

| | | |
|---|---|---|
| JACAREE GARRETT a minor by his parent and natural guardian, FELICIA GARRETT 7047 Cardigan Avenue Charlotte, NC 28215 and FELICIA GARRETT, in her own right 2309 Carpenter Street #306 Philadelphia, PA 19145 | : : : : : : : : : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiffs | : : | NOVEMBER TERM, 2012 |
| vs. | : : | NO. 00592 |
| BATH AND BODY WORKS, LLC c/o C.T. Corporation System 116 Pine Street, Suite 320 Harrisburg, PA 17101 | : : : : : | |
| Defendant. | : : | |

### FIRST SET OF REQUESTS FOR ADMISSIONS OF THE DEFENDANT BATH AND BODY WORKS, LLC, DIRECTED TO THE PLAINTIFFS, JACAREE GARRETT, A MINOR, AND FELECIA GARRETT

Defendant Bath and Body Works, LLC ("BBW"), by and through its attorneys, the Chartwell Law Offices, LLC, hereby serve the within Requests for Admissions upon the Plaintiffs, Jacaree Garrett, a minor, by and through her p/n/g Felicia Garrett and Felicia Garrett in her own right, in accordance with Pennsylvania Rule of Civil Procedure No. 4014, and request that the Plaintiffs admit, for the purposes of the pending action only, the truth of the matters and facts set forth in the following request.

853480-1

Pursuant to Pa. R.C.P. No. 4014, the matters set forth in the requests will be deemed admitted, unless, within thirty (30) days after service of the requests, the Plaintiffs serve upon the Defendant an Answer verified by the Plaintiffs or an objection, served by the Plaintiffs or their attorney. If an objection is made, the reasons therefore shall be stated. The Answer shall admit or deny the matter or set forth in detail the reason why the answering party cannot truthfully do so. The denial shall fairly meet the substance of the requested admission and when good faith requires that a party qualify his answer or denial, or a part of the matter which an admission requests, he shall specify so much of it as true and qualify or deny the remainder. The answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he or she states that he or she has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny.

## I.    DEFINITIONS & INSTRUCTIONS

1.    As used herein, "you," "your," or "plaintiffs" means and refers to the Plaintiffs, Jacaree Garrett, a minor, by and through his p/n/g Felicia Garrett and Felicia Garrett in her own right, their agents, servants, employees, attorneys and any other person acting or purporting to act on their behalf.

2.    As used herein, "Defendant" means and refers to BBW.

3.    As used herein, the "Complaint" means and refers to the civil action filed by Plaintiffs against the Defendant in the Court of Common Pleas of Philadelphia County, November Term 2012 No. 592.

## II.    REQUEST FOR ADMISSION

1.    The amount in controversy claimed by the plaintiffs in this action does not

exceed $75,000.00.

        (a)     If your answer to Request for Admission No. 1 is anything but an unqualified admission, kindly state the reason for your denial, the names and addresses of any and all witnesses supporting your denial, and a description of any and all documents which support your denial.  Kindly attach any and all documents identified in support of your denial.

**RESPONSE**:

    2.     The total damages sustained by the plaintiffs in this action do not exceed $75,000.00.

        (a)     If your answer to Request for Admission No. 2 is anything but an unqualified admission, kindly state the reason for your denial, the names and addresses of any and all witnesses supporting your denial, and a description of any and all documents which support your denial.  Kindly attach any and all documents identified in support of your denial.

**RESPONSE**:

    3.     The total amount of damages recoverable by the plaintiffs in this action do not exceed $75,000.00.

        (a)     If your answer to Request for Admission No. 3 is anything but an unqualified admission, kindly state the reason for your denial, the names and addresses of any and all witnesses supporting your denial, and a description of any and all documents which support your denial. Kindly attach any and all documents identified in support of your denial.

**RESPONSE**:

    4.     The total amount of damages recoverable by the plaintiffs in this action do not exceed $75,000.00, exclusive of interests and costs.

(a) If your answer to Request for Admission No. 4 is anything but an unqualified admission, kindly state the reason for your denial, the names and addresses of any and all witnesses supporting your denial, and a description of any and all documents which support your denial. Kindly attach any and all documents identified in support of your denial.

**RESPONSE**:

THE CHARTWELL LAW OFFICES, LLP

By:  Joseph J. Hamill, Jr., Esquire
Attorneys for Defendant
Bath and Body Works, LLC

DATED:  1/7/12

853480-1

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing Request for Admissions on all parties by causing true and correct copies thereof to be sent via electronic mail and regular mail, addressed to the following:

David B. Sherman, Esquire
Solomon, Sherman & Gabay
8 Penn Center
1628 JFK Boulevard
Suite 2200
Philadelphia, PA 19103
215-665-1100


**THE CHARTWELL LAW OFFICES, LLP**

Dated: January 7, 2013          By: _____
                                    Joseph J. Hamill, Jr., Esquire

853480-1

**SOLOMON, SHERMAN & GABAY**
DAVID B. SHERMAN
Identification No. 36437
8 Penn Center
1628 J.F.K. Boulevard
Suite 2200
Philadelphia, PA  19103
(215) 665-1100

This is an Arbitration Matter.
Assessment of Damages Hearing is Required.

Attorney for Plaintiffs

---

JACAREE GARRETT, a minor by her   :
parent and natural guardian,   :
FELICIA GARRETT   :
and   :
FELICIA GARRETT, in her own right   :
  :
  :
  vs.   :
  :
  :
BATH AND BODY WORKS, LLC   :

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

NOVEMBER TERM, 2012

NO:  00592

## PLAINTIFFS' RESPONSES TO DEFENDANT'S
## FIRST SET OF REQUESTS FOR ADMISSIONS

Plaintiffs, by and through their attorneys, Solomon, Sherman & Gabay,

hereby respond to Defendant's Requests for Admissions as follows:

1.     Denied.  This is a jury question.

2.     Denied.  This is a jury question.

3.     Denied.  This is a jury question.

4.     Denied.  This is a jury question.

BY: _____
       DAVID B. SHERMAN, ESQUIRE
       Attorney for Plaintiffs

Dated:  January 8, 2013

VERIFICATION

The averments or denials of facts contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true.

This verification is made subject to the penalties of 19 Pa.C.S. §4904 relating to unsworn falsification to authorities.

_____
DAVID B. SHERMAN, ESQUIRE
Attorney for Plaintiff(s)